**Jerry Ray CAVINS, Petitioner–Appellant,**

v.

**Bill LOCKYER, Attorney General, Respondent–Appellee.**

No. 06–16475.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2007.

Filed May 4, 2007.

Stephanie M. Adraktas, Esq., San Francisco, CA, for Petitioner–Appellant.

Brian George Smiley, AGCA—Office of the California Attorney General (SAC), Sacramento, CA, for Respondent–Appellee.

Before: THOMPSON, KLEINFELD, and THOMAS, Circuit Judges.

## MEMORANDUM *

Jerry Ray Cavins appeals the district court's dismissal of his habeas corpus petition as moot. We reverse. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here. Because it is a question of law, we review a district court's mootness determination de novo. *Porter v. Jones,* 319 F.3d 483, 489 (9th Cir.2003).

The Article III case or controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate ... The parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (internal quotations and citations omitted).

Once the term of confinement expires, some "collateral consequence" of that conviction or confinement—must exist if the suit is to be maintained. *Id.* at 7, 118 S.Ct. 978. This rule also applies to petitioners who were subject to civil commitment pursuant to California's Sexually Violent Predator Act, Cal. Welf. & Inst.Code § 6600, *et seq. Carty v. Nelson,* 426 F.3d 1064 (9th Cir.2005). In *Carty,* we held that the case was not moot even though Carty had been released because the fact that Carty had been civilly committed subjected him to sex offender reporting requirements under Cal.Penal Code § 290(a)(1)(E) & (g)(5),

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that, if violated, would subject him to further incarceration. *Id.* at 1071.

In this case, Cavins had tendered evidence that the revocation of his outpatient status may be used to place him in a category of higher-risk former offenders to whom more onerous community notification rules apply in certain states and thus that his constitutional right to travel has been burdened. *See Kent v. Dulles,* 357 U.S. 116, 125–26, 78 S.Ct. 1113, 2 L.Ed.2d 1204 (1958) (stating that the right to travel is part of the "liberty" protected by the Fifth Amendment and specifically that freedom of movement within the country may be necessary for a livelihood and "is basic in our scheme of values").

In certain states, Cavins's outpatient revocation and the treatment violation underlying it would definitively increase his score on instruments used to assess the risk of former sex offenders. Should that score render him a high-risk as opposed to a low-risk offender, his presence as a sex offender would be broadcast to the public as opposed to just local law enforcement authorities. *See, e.g.,* Neb. Rev. St. § 29–4013(c)(i) & (c)(iii). Should Cavins fail to comply with the heightened notification requirements in these jurisdictions, he could be prosecuted for a Class IV felony, *see* Neb. Admin. R. & Regs. Tit. 272, Ch. 19, § 017, punishable by up to five years in prison, *see* Neb. Rev. St. § 28–105. In *Carty,* the collateral consequence of a notification requirement, the violation of which was punishable by up to one year in prison, was enough to render Carty's injury continuing and actual. The consequence here is no different.

We reached a similar conclusion in a different context in *United States v. Plancarte–Alvarez,* 366 F.3d 1058, 1063–64 (9th Cir.2004), in concluding that the government's appeal of a deported defendant's sentence was not moot. In that case, we

observed that because the defendant "might return to this country, whether voluntarily or otherwise, we cannot say that his deportation 'makes it impossible for the court to grant any effectual relief whatever to the government.'" *Id.* (quoting *United States v. Suleiman,* 208 F.3d 32 (2d Cir. 2000)). The defendant in *Plancarte–Alvarez* had no right to return to this country; here, the petitioner has a constitutional right to travel. Applying the same standards, we conclude that Cavins's petition is not moot because of the collateral consequences which may occur if he exercises his right to travel.

The government relies on *Spencer,* 523 U.S. 1, 118 S.Ct. 978, but that case is distinguishable. In *Spencer,* the Court held that collateral consequences may not be based on future effects that might only arise were the petitioner to commit future illegal acts or that might be subject to the "almost unlimited discretion" of future parole boards or sentencing judges. *Id.* at 14–15, 118 S.Ct. 978; *see also Lane v. Williams,* 455 U.S. 624, 632–33 & n. 13, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). Unlike the petitioner in *Spencer,* the potential collateral consequences from Cavins's outpatient revocation will not befall him only if he commits further illegal acts. Quite the opposite, they will befall him if he exercises his constitutionally protected right to travel and relocate. Thus, it cannot be said that he is required by law to avoid the collateral consequences he fears. Even to say he may choose to avoid the collateral consequences by foregoing a constitutional right is, in and of itself, a burdensome consequence that a favorable decision could remedy.

Further, unlike the circumstances considered in *Spencer,* the effect of his outpatient revocation will not be merely one factor among many that may be disregarded as part of the "almost unlimited

discretion" of a future decisionmaker. In Nebraska at least, as Cavins has demonstrated, the risk assessment scheme is determinate and *mandates* specific point values for his outpatient revocation. *See* Neb. Admin. R. & Regs. Tit. 272, Ch. 19, § 013 and app. A (Sex Offender Risk Assessment Instrument).

Finally, unlike *Spencer*, Cavins does not seek merely to have his recommitment vacated while letting the fact of the underlying violation of conditional release stand. *See also Lane*, 455 U.S. at 633, 102 S.Ct. 1322 (stating that Lane did not attack the finding that he had violated his parole). Cavins contests the allegations that he violated his treatment. If successful, relief holding that Cavins's recommitment was unconstitutionally imposed could also vacate any findings regarding the underlying conduct. Accordingly, because effective relief can be granted, a live case or controversy exists and the petition is not moot. We need not, and do not, reach any other issue urged by the parties.

**REVERSED AND REMANDED.**

KLEINFELD, J., dissenting:

I respectfully dissent. This case is moot because Cavins fails to show his outpatient revocation causes " 'some concrete and continuing injury.' " [1]

The majority holds Cavin's outpatient revocation restricts his right to travel because he may be subject to more onerous sex offender reporting requirements if he decides to move to Nebraska. But Cavins expresses no intention of moving to Nebraska. Nor has California restricted Cavins's right to travel to Nebraska, or anywhere else. Indeed, Cavins now lives in Oregon.

And in any case, Cavins doesn't even show he would actually be subject to more onerous reporting requirements under Nebraska law. While Nebraska law imposes a mandatory increase in the risk score of sex offenders who received an outpatient revocation, the score increase would not necessarily place Cavins in a higher risk category.[2] He would be subject to nothing more onerous in Nebraska than Oregon, unless the ten points he would get for the matter at issue put him over the Nebraska 80 point standard for a higher likelihood for recidivism.

This is not to say that Nebraska really matters to this case at all. As far as the record indicates, Cavins has never been there and has no intention of ever going there. This is just the sort of hypothetical case—"one day I may want to go there"— that the Supreme Court held is outside the scope of the federal judicial power in *Valley Forge*[3] and *Lujan*.[4] "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." [5] It is significant that Cavins is suing the Attorney General of California, even though the

---

1. *Jackson v. California Dept. of Mental Health*, 399 F.3d 1069, 1073 (9th Cir.2005) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)).

2. Neb. Admin. Code Title 272, Ch. 19, § 013. Under Nebraska law, an outpatient revocation requires a ten-point score increase and a sex offender with 80 points or less is generally a low-risk offender. Neb. Admin. Code Title 272, Ch. 19, Attachment A.

3. *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 487, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

4. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

5. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Attorney General of California exercises no control over him at all, and has done nothing to restrict his liberty for many years.

*Carty v. Nelson*[6] is not on point. In *Carty* the challenged civil commitment generated a reporting duty that existed when and where the lawsuit was filed, but here no present requirement is imposed.[7]

---

6. *Carty v. Nelson*, 426 F.3d 1064, 1071 (9th Cir.2005).

7. *Carty v. Nelson*, 426 F.3d 1064, 1071 (9th Cir.2005).

